I respectfully dissent. It is the thrust of the majority's opinion that, because the trial court found "that `no calculation had been made by the Council or city officials of costs for city services to any particular business or classification of businesses or in the police jurisdiction,'" the City's imposition of the business license fee was not properly related to the reasonable costs of supervision. I believe this is a misreading of Hawkins. I do not understand Hawkins as mandating a separate calculation as to each business within the police jurisdiction so as to prorate total costs of furnishing city services to each business so served. Under the instant holding, each business would be taxed according to the particularized service furnished to that business by the City.
I read City of Hueytown, Hawkins, City of Selma, and Town ofNewville quite differently. The thrust of each of these cases is to place the burden on the municipality to show some reasonable relationship between the costs of overall services furnished businesses outside the City, but *Page 1063 
within the police jurisdiction, and the license tax imposed upon those businesses. I find no legal authority for the proposition that a particular business may be singled out to determine whether the tax is reasonable. Indeed, such a particularized treatment of each separate business runs contrary to the statutorily mandated "one-half" formula for assessing businesses within the police jurisdiction. The record is replete with uncontradicted evidence that the City is expending more funds in supervising its police jurisdiction than it is receiving in revenues from police jurisdiction businesses. This finding by the trial court amply supports its legal conclusion upholding the imposition of the city tax.
For the reasons stated, I would reverse the judgment of the Court of Civil Appeals and remand the cause for an order affirming the judgment of the trial court.
SHORES and ADAMS, JJ., concur.